[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2010
JOHN LEY
CLERK

No. 09-15247

D. C. Docket No. 08-60233-CV-WPD

GIRARD H. RODGERS, JR.,

Plaintiff-Appellant,

versus

COSTA CROCIERE, S.P.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(December 13, 2010)

Before DUBINA, Chief Judge, FAY, Circuit Judge, and GOLDBERG,[*] Judge.

PER CURIAM:

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Plaintiff-Appellant Girard Rodgers appeals the jury verdict and the partial grant of summary judgment by the district court finding that Costa Crociere, S.P.A. ("Costa") was not liable for injuries sustained when he slipped and fell down a flight of stairs while on a cruise ship operated by Costa. Rodgers argues that summary judgment was inappropriate as to his claims that the vessel, the MAGICA, was improperly designed and the flight of stairs in question improperly installed. He further argues that the district court abused its discretion by excluding two work orders issued subsequent to his accident that he claims impeached the testimony of two of Costa's witnesses. Rodgers also claims that the jury verdict was against the great weight of the evidence and that the district court erroneously permitted a peremptory challenge of a juror made on the basis of that juror's race.

On March 5, 2007, Rodgers was attending a gala reception in the Urbino theater on the MAGICA cruise ship. Rodgers was wearing a pair of expensive Gucci loafers with a protruding front lip. Because he had a flute of champagne in hand and camera slung over his shoulder, he was not using the stair handrails as he descended into the theater. At some point Rodgers slipped and fell. According to him, the front lip of his shoe caught on the raised metal of one of the stairway

steps. Rodgers suffered five broken ribs, a punctured and collapsed lung, and a back injury.

The MAGICA was constructed by an Italian shipyard, Fincantieri Cantier Navali Italiana. The ship was inspected by Carnival Corporation Shipbuilding before being turned over to Costa. Neither of these companies was joined as defendants.

Rodgers filed suit against Costa on February 20, 2008, alleging negligence in failing to maintain the subject staircase in a reasonably safe condition. He amended his complaint to also allege that Costa had created a hazardous condition by improperly designing and installing the staircase. Following Costa's motion for summary judgment, the district court allowed the negligence claim to go to trial. On the design and installation claim, however, the court found that Rodgers had failed to present any evidence showing that Costa was responsible for the ship's design or the stairs' installation and granted summary judgment on that claim.

During voir dire, one potential juror, Willie Royal, disclosed that he had 50% hearing loss in one ear. Costa exercised a peremptory challenge on Royal. Rodgers raised a *Batson*[1] challenge, but the district court found that Costa's

---

[1]*Batson v. Kentucky*, 476 U.S. 79 (1986).

asserted race-neutral basis for striking Royal – his hearing problem – was sufficient to overcome that challenge.

Following a seven-day trial, a verdict was returned in favor of Costa. Rodgers moved for a new trial, claiming errors had been committed by the district court. The motion was denied, and this appeal followed.

The issues before this court are as follows:

(1) Did the district court abuse its discretion by refusing to admit subsequent remedial measures for the purpose of impeaching testimony offered by Costa?

(2) Was summary judgment properly granted on Rodgers's claim that Costa was responsible for the negligent design and installation of the stairwell and handrails in the theater where his fall occurred?

(3) Did the district court abuse its discretion by denying Rodgers's motion for a new trial on the grounds that the verdict was against the great weight of the evidence, and did the district court clearly err in finding that Costa had provided a non-discriminatory reason for striking an African-American juror?

Determinations of admissibility are within the trial court's discretion and will not be disturbed absent a clear showing of abuse of discretion. *United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994).

This court reviews *de novo* a district court's grant of summary judgment, and will construe all the facts and inferences in the light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Under Fed. R. Civ. P. 56(c), a motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

A motion for new trial is reviewed under an abuse of discretion standard, *Insurance Company of America v. Valente*, 933 F.2d 921, 923 (11th Cir. 1991), whereas the court's resolution of a *Batson* challenge is reviewed under the clearly erroneous standard. *United States v. Blackman*, 66 F.3d 1572, 1575 (11th Cir. 1995).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that the district court did not abuse its discretion by not admitting the information contained in the work orders produced after Rodgers's accident because they did not directly contradict and impeach the testimony of Costa's witnesses. The district court based its decision not to admit the work orders on two key points: (1) The work orders were not generated by the

5

witnesses; and (2) the work orders may have been based on customer complaints rather than a defect actually witnessed by one of Costa's staff members.

Second, we conclude that the district court did not abuse its discretion in granting summary judgment on Rodgers's negligent design theory of liability, where there was no evidence whatsoever that Costa actually designed the stairs or the hand rails. Because neither the facts nor the law support Rodgers's negligent design theory, we conclude the district court properly disposed of this unsubstantiated claim prior to trial.

Third, we conclude that the great weight of the evidence supports the jury's verdict in this case. The evidence presented at trial indicate that Rodgers was walking down the stairs, not holding the hand rails, with a flute of champagne in his hand, rushing to attend a gala he was late for, while looking for somewhere to sit. Apparently, the jury determined that Rodgers was simply the victim of his own inattention.

Finally, we conclude that Rodgers's *Batson* challenge is without merit. The record demonstrates that juror Royal had difficulty hearing. Clearly, this is a valid, non-discriminatory reason for striking a juror. For the aforementioned reasons, we affirm the district court's grant of summary judgment and the judgment entered on the jury's verdict in favor of Costa.

**AFFIRMED.**